UNITED STATES of America,
Appellee,

v.

Alfredo MORENO–RIVERA,
Defendant–Appellant.

Docket No. 05–5760–CR.

United States Court of Appeals,
Second Circuit.

Submitted: Aug. 2, 2006.

Decided: Dec. 22, 2006.

Laurie S. Hershey, Manhasset, NY, for Defendant–Appellant.

Susan Corkery, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Before CABRANES, SACK, and HALL, Circuit Judges.

PER CURIAM.

Defendant–Appellant Alfredo Moreno–Rivera appeals from a June 13, 2005 judgment of the United States District Court for the Eastern District of New York (Nicolas G. Garaufis, *Judge* ) sentencing him principally to 76 months' imprisonment after he pleaded guilty to possessing with intent to distribute one or more kilograms of heroin, in violation of 21 U.S.C. § 841(a)(1). Moreno–Rivera filed a *pro se* notice of appeal from the judgment on October 20, 2005, more than four months after the judgment was entered, and well beyond the forty-day limit established by Fed. R.App. P. 4(b) ("Rule 4(b)") for appealing a criminal conviction.[1] *See United* States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003) (explaining that the forty-day limit of Rule 4(b) consists of ten days provided after entry of judgment, plus up to thirty days additional upon order of the district court). The government filed a motion to dismiss the appeal on the basis of its untimeliness.

We directed the parties to submit supplemental briefing on the question of whether the case should be remanded for entry of a new judgment under *Fuller*.

## I. Our Decision in *Fuller*

In *Fuller*, we were presented with the question of what to do when faced with an appeal that was not timely filed as a result of the constitutionally ineffective assistance of the defendant's attorney. In that case, it was undisputed that the defendant "requested his counsel to file a notice of appeal and that counsel did not file a notice until several months after expiration of the maximum allowable 40–day period." *Id.* at 64. It was also undisputed that "counsel's failure to file a timely appeal in a criminal case, when requested by a defendant, constitutes ineffective assistance of counsel, entitling the defendant to relief." *Id.* (citing *Garcia v. United States*, 278 F.3d 134, 137 (2d Cir.2002)). Because the appeal at issue in *Fuller* was untimely, it was also undisputed that the appeal should be dismissed.[2]

---

**1.** Fed. R.App. P. 4(b) states, in relevant part:
  (1) Time for Filing a Notice of Appeal.
    (A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
      (i) the entry of either the judgment or the order being appealed; or
      (ii) the filing of the government's notice of appeal.
  . . . .
  (4) Motion for Extension of Time. Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

**2.** When *Fuller* was decided, it was undisputed that the time limits of Rule 4(b) were jurisdictional. *See Fuller*, 332 F.3d at 64. That conclusion has been called into question by the Supreme Court's recent decisions in *Kontrick v. Ryan*, 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (characterizing

Rather than merely dismissing the defendant's appeal without more, which would have required the defendant to file a motion under 28 U.S.C. § 2255 [3] to vacate the constitutionally infirm judgment, *see Fuller*, 332 F.3d at 64–65 (discussing inefficiency and potential detrimental consequences of requiring defendant to file a § 2255 motion in order to vacate an infirm judgment), we decided to dismiss the appeal and "remand to the District Court with instructions to vacate the judgment and enter a new judgment from which a timely appeal may be taken," *id.* at 65.

## II. The Parties' Supplemental Submissions

Moreno–Rivera argues in his supplemental submission that he is entitled to the remand contemplated by *Fuller*. Moreno–Rivera has communicated to his new appellate counsel that he "always wanted to appeal but did not do so due to 'lack of timely information,' and lack of 'financial resources.'" Aug. 31, 2006 Decl. of Laurie S. Hershey ("Hershey Decl.") ¶ 4. Moreover, according to Moreno–Rivera's new appellate counsel, the attorney who represented Moreno–Rivera before the District Court has refused to explain why he never filed a notice of appeal on Moreno–Rivera's behalf. *Id.* ¶ 6. Moreno–Rivera contends

that, in the circumstances, he is entitled to a remand to the District Court with instructions to vacate the judgment and enter a new judgment from which a timely appeal may be taken.

The Government's supplemental submission notes that while *Fuller* addressed a situation in which all parties agreed that the defendant instructed his attorney to file a notice of appeal but the attorney failed to do so, *see Fuller*, 332 F.3d at 64, it is not clear from Moreno–Rivera's supplemental submissions that he ever gave his attorney instructions to file a notice of appeal on his behalf. The Government also points out that Moreno–Rivera's "lack of timely information" rationale for failing to file a timely appeal is undermined by the transcript of Moreno–Rivera's sentencing hearing, in which Judge Garaufis explicitly warned Moreno–Rivera that he had only an "extremely limited" time to appeal. Tr. of Sentencing Hr'g 13.

## III. Analysis

We conclude that it would not be appropriate to vacate Moreno–Rivera's judgment of conviction and remand the cause to the District Court under *Fuller* because it is not clear on the present record that

defenses made available by the time limitations of Rules 4004 and 9006 of the Federal Rules of Bankruptcy Procedure as "inflexible claim-processing rule[s]" rather than "rule[s] governing subject-matter jurisdiction"), and *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 407, 163 L.Ed.2d 14 (2005) (per curiam) (holding that time limitation of Rule 33 of the Federal Rules of Criminal Procedure establishes a nonjurisdictional claim-processing rule that may be forfeited). We need not answer the question of whether the forty-day time limit of Rule 4(b) is a rule that governs our subject matter jurisdiction over Moreno–Rivera's appeal, or is merely an "inflexible claim-processing" rule that may be waived or forfeited, because the Government in the instant case properly raised the untimely nature

of Moreno–Rivera's notice of appeal in its motion to dismiss.

**3.** 28 U.S.C. § 2255 states, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Moreno–Rivera's trial counsel was constitutionally ineffective.

■ Ineffective assistance of counsel claims are generally reserved for collateral review. *See Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose."); *United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003).

In *Fuller,* we departed from this general rule, and fashioned a remedy, because it was undisputed that the defendant's trial counsel had rendered constitutionally ineffective assistance by failing to file a timely appeal that the defendant had requested. *Fuller* thus fell into "a narrow category of cases in which the defendant has a new counsel on appeal and argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Salameh,* 152 F.3d 88, 160 (2d Cir.1998) (internal quotation marks omitted). We have permitted consideration of ineffective assistance claims on direct review in these circumstances. *See id.*

■ In the instant case, however, the record concerning Moreno–Rivera's potential ineffective assistance claim is not fully developed. While Moreno–Rivera has informed his new appellate counsel that he "always *wanted* to appeal," Hershey Decl. ¶ 4 (emphasis added), Moreno–Rivera's in-

tentions are irrelevant to an ineffective assistance claim. What matters for purposes of that claim is whether Moreno–Rivera's trial counsel "fail[ed] to file a *requested* appeal," *Garcia,* 278 F.3d at 137 (emphasis added), in a timely manner. *See McHale v. United States,* 175 F.3d 115, 119 (2d Cir.1999) ("[I]n order to show that appellate counsel was constitutionally deficient in not filing an appeal, the petitioner must demonstrate that he asked to have an appeal filed."). We cannot ascertain on this record whether Moreno–Rivera actually gave timely instructions to his trial counsel to file an appeal.[4] Consequently, he is not entitled to the relief contemplated by *Fuller.* Moreno–Rivera will have the opportunity to develop the record—and seek a remedy, should he prove that his trial counsel failed to timely file a requested appeal—in a § 2255 motion before the District Court. *See Garcia,* 278 F.3d at 138 (granting § 2255 motion on the basis of trial counsel's failure to file a requested appeal).

## IV. Conclusion

For the reasons stated above, we dismiss Moreno–Rivera's appeal.

---

4. While "[a] prudent lawyer will either file a notice of appeal or file an affidavit from the client (or have the client state on the record) that he does not want to take an appeal," *McHale,* 175 F.3d at 119 n. 3, without further development of the record we cannot know whether Moreno–Rivera's trial counsel was not merely imprudent, but also constitutionally ineffective.