SUMMARY ORDER
Defendant Jose De La Cruz appeals from a judgment of conviction, entered February 16, 2007, for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; possession, use, and carrying of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c); possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and intimidating a witness in violation of 18 U.S.C. § 1512(b)(1), (b)(2). He was sentenced principally to 322 months’ imprisonment. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
De La Cruz raises three challenges on appeal: (1) that his constitutional right to a speedy trial was violated; (2) that he received ineffective assistance of counsel both at trial and in negotiating a guilty plea in state court that was used to prove the firearm offense in this case; and (3) that his sentence was unreasonable.
As to his first challenge, considering the factors outlined by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we conclude that his constitutional right to a speedy trial was not violated. Most of the *6 delay about which De La Cruz complains resulted from his own pre-trial motions and multiple requests for adjournments. Moreover, even if the government did delay in filing the first superseding indictment, that indictment had little effect, if any, on the eventual trial date because De La Cruz committed the witness intimidation offense shortly thereafter, which resulted in the second superseding indictment. Considering the reason for the delay as well as the other Barker factors, we conclude that there was no Fifth or Sixth Amendment violation.
We decline to reach the question of the effectiveness of De La Cruz’s trial counsel in this direct appeal. The issues raised are more suitable for a motion pursuant to 28 U.S.C. § 2255. See, e.g. United States v. Moreno-Rivera, 472 F.3d 49, 52 (2d Cir.2006). Furthermore, while we have doubts that De La Cruz is permitted to lodge a collateral attack on his state guilty plea in a federal proceeding, the purpose of which is to review his federal conviction, not his state conviction, see Custis v. United States, 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (on appeal from federal sentence, defendant may not challenge the constitutionality of a state guilty plea used to enhance the sentence under 18 U.S.C. § 924(e) on the ground that he was denied effective assistance of counsel in state court), we do not reach the issue here, as we believe that it, too, is best resolved in connection with a Section 2255 motion.
Finally, we find De La Cruz’s challenge to his below-Guidelines sentence to be without merit. His sentence was both procedurally and substantively reasonable.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.