SUMMARY ORDER
The defendant-appellant Juan Brito appeals from a judgment of the district court entered April 17, 2008, sentencing him primarily to 70 months’ imprisonment. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
We review criminal sentences for both procedural and substantive reasonableness under a “deferential abuse-of-discretion standard.” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (internal quotation marks omitted). A district court commits procedural error by, inter alia, failing to consider the factors set forth in 18 U.S.C. § 3558(a). Id. at 190. As to substantive reasonableness, “[w]e will ... set aside a district court’s [sentence] only in exceptional cases where the trial court’s decision cannot be located within the range of permissible decisions.” Id. at 189 (internal quotation marks omitted).
Contrary to Brito’s argument, his sentence was both procedurally and substantively reasonable. First, 18 U.S.C. § 3553(a)(6) “does not require a district court to consider disparities between co-defendants.” United States v. Frias, 521 F.3d 229, 236 (2d Cir.2008). A district court may consider such disparities, however, and if it does so it must consider both the relevant differences and the relevant similarities between co-defendants. See United States v. Wills, 476 F.3d 103, 109-11 (2d Cir.2007). Here, the district court chose to consider the sentences Brito’s co-defendants received, and it is clear from the transcript of the sentencing proceeding that the district court fully considered both the relevant similarities and the relevant differences between the co-defendants and Brito. There is no basis for Brito’s assertion that the district court considered only the differences, and not the similarities. Further, we find that Brito’s 70-month sentence — at the bottom of the Guidelines range — is within the range of permissible decisions. The district court did not abuse its discretion in finding that'the disparities between Brito’s sentence and those of his co-defendants were not unwarranted in light of the relevant differences between them, including the fact that Brito’s co-defendants qualified for a two-level downward departure relating to the circum *414 stances of their prosecutions in, and extraditions from, Belgium, a departure that Brito did not qualify for because he was not prosecuted in or extradited from any other country. The sentence imposed by the district court is both proeedurally and substantively reasonable.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.