United States v. Suri

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION ASUMMARY ORDER@). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fifteen.

**PRESENT:**

> **PIERRE N. LEVAL,**
> **ROSEMARY S. POOLER,**
> **DENNY CHIN,**
> > *Circuit Judges.*

———————————————————————

**UNITED STATES OF AMERICA,**

> *Appellee*,

> **v.**

**BILL SURI,**

> *Defendant-Appellant.*

**13-1149 (L);**
**13-3223 (Con)**

———————————————————————

**FOR DEFENDANT-APPELLANT:**      Bill Suri, pro se, Butner, N.C.

**FOR APPELLEE:**                    Justin Anderson, Max Nicholas, Assistant U.S. Attorneys for the Southern District of New York (Preet Bharara, United States Attorney, *on the brief*), New York, N.Y.

Appeals from orders of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Bill Suri appeals from (1) the January 11, 2013 order of the United States District Court for the Southern District of New York (Stein, *J.*) denying his motion to dismiss the allegedly defective indictment pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure; and (2) the August 9, 2013 order of the same court denying his motion for a new trial pursuant to Federal Rule  of Criminal Procedure Rule 33. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the denial of a motion for a new trial under Rule 33 for abuse of discretion. *See United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). To obtain Rule 33 relief based on newly discovered evidence a defendant must show:

> (1) that the evidence is newly discovered after trial; (2) that facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) that the evidence is material; (4) that the evidence is not merely cumulative or impeaching; and (5) that "the evidence would likely result in an acquittal.

*Id.* (internal quotation marks omitted).

Rule 12(b)(3)(B) requires a motion alleging "a defect in the indictment" to be made prior to trial, but it allows a defendant to argue at any time during the pendency of the appeal that the indictment fails to state an offense or that the court lacks jurisdiction.  Fed. R. Crim. P.

12(b)(3)(B). "The sufficiency of the indictment is a matter of law that is reviewed de novo." *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000). To state an offense, an indictment need only track the language of a criminal statute and apprise the defendant of the nature of the accusation against him. *United States v. Frias*, 521 F.3d 229, 235 (2d Cir. 2008) (internal quotation marks omitted).

We affirm for substantially the same reasons set forth by the district court in its well-reasoned orders. *See United States v. Suri*, No. 9-CR-1190 (S.D.N.Y. Jan. 11, 2013) (ECF Docket No. 114); *United States v. Suri*, No. 9-CR-1190 (S.D.N.Y. Aug. 9, 2013) (ECF Docket No. 135). We decline to consider Suri's claim, raised for the first time on appeal, that the evidence of Dustin Suri's perjury was not available to him until after trial. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). In any event, the allegation does not change the district court's conclusion that Suri failed to allege any facts showing that due diligence before trial failed to uncover the evidence in question.

We have considered Suri's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
