*United States v. Lajud-Pena (Diaz)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of July, two thousand sixteen.

Present:

> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                      15-3915

ALBERTO YUSI LAJUD-PENA, AKA ALBERTO LAJUD,
ET AL.,

*Defendants,*

ANTHONY DIAZ,

*Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Hilary L. Jager, Emily Berger, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York. |
| For Defendant-Appellant: | B. Alan Seidler, New York, N.Y. |

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the Government's motion to dismiss the Defendant's pending appeal is **GRANTED**, and the case **REMANDED** to the district court for proceedings consistent with this order.

On December 7, 2015, the Appellant filed a notice of appeal. The Government moved to dismiss Appellant's appeal as untimely filed on December 11. On December 14, the Appellant, in his response, conceded that his notice of appeal was untimely, but asked the court to nevertheless hear it in the interests of justice on the ground that he had requested his counsel to file a notice of appeal, and that counsel failed to do so. We assume the parties' familiarity with the underlying facts, procedural history, and issues before the court.

In *United States v. Fuller*, 332 F.3d 60 (2d Cir. 2003), this Court dismissed an appeal as untimely but remanded to the district court with directions to enter a new judgment from which a timely appeal could be taken. *See id.* at 64 (holding that, where "[t]here [was] no dispute [from the trial record and between the parties] that [the defendant] requested his counsel to file a notice of appeal and that counsel did not [timely] file," such a disposition was appropriate despite any potential jurisdictional problems, in part to avoid the potential that a habeas petition seeking the same relief would use up the defendant's opportunity for a first petition and to obviate the risk that a habeas petition would be untimely). In response to a request for supplemental briefing, however, the Appellant in this case conceded that *United States v. Moreno-Rivera*, 472 F.3d 49 (2d Cir. 2006), prevents this Court from dismissing this appeal and remanding with instructions that the district court enter a new judgment as in *Fuller*. *See Moreno-Rivera*, 472 F.3d at 51-52 (holding that "because it [was] not clear on the present record [unlike in *Fuller*] that Moreno-Rivera's trial counsel was constitutionally ineffective," the court should dismiss the

appeal as untimely, and the defendant "[would] have the opportunity to develop the record—and

seek a remedy [for his trial counsel's alleged ineffectiveness], should he prove that trial counsel

failed to timely file a requested appeal—in a § 2255 motion before the District Court"). The

Appellant requested, in the alternative, that the Court remand to the district court for fact-finding to

determine *whether* the *Fuller* remedy is appropriate in this case. We find that such a disposition

would be inconsistent with *Moreno-Rivera*.

Though the *Fuller* remedy is not available, we are mindful that the timeline of this case

presents a specific problem that requires analysis. The Appellant initially filed his untimely

notice of appeal within the one-year statute of limitations for filing habeas petitions laid out in the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255(f), and filed his

response to the Government's motion to dismiss one week later, seeking to reinstate his right to

appeal on the theory that his counsel was ineffective in failing to timely file an appeal of his

conviction. Such a claim could properly be brought pursuant to a 28 U.S.C. § 2255 motion, *see*

*Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006), and, for a defendant who did not

qualify for the *Fuller* remedy, habeas would generally be the proper avenue for such a claim, *see*

*Moreno-Rivera*, 472 F.3d at 52. Nevertheless, in response to supplemental briefing, the

Appellant and the Government agreed that, in the absence of equitable tolling,[1] any § 2255

petition filed by the Defendant after dismissal of this appeal would now be time-barred. We are

mindful that *Fuller* was animated, in part, by the concern that dismissal without remand of an

appeal predicated on the theory that the defendant's right to an appeal was prejudiced by

ineffective assistance of counsel would "risk[] expiration of a substantial part and possibly all of

the one-year limitations period . . . , unless the time devoted to taking the steps required to obtain

---

[1] We offer no view in this order on whether equitable tolling would be appropriate in a situation such as this, or whether it would be a permissible alternative way of assuring, in the interests of justice, the timeliness of the petitioner's habeas petition.

3

an appealable judgment were deemed to toll the one-year period." 332 F.3d at 65. This risk is only greater in light of the issuance of our decision in *Fuller*, given the potential that defendants may seek the *Fuller* remedy at a time when a habeas petition would be timely, only to have a panel hold after expiration of the AEDPA limitations period that *Moreno-Rivera* forecloses such relief. Though it may not be the case that a *Fuller* remedy is worth pursuing in light of more recent jurisprudence, *compare Urinyi v. United States*, 607 F.3d 318, 321 (2d Cir. 2010) (holding that a § 2255 petition seeking "only reinstatement of the right to a direct appeal" does not "render [any later petition] a 'second or successive' [petition] under the AEDPA"), *with Fuller*, 332 F.3d at 65 (expressing concern that requiring a defendant to pursue habeas relief to restore his right to appeal could "expose [him] to the risk that he would use up his first opportunity to file a section 2255 motion"), the Appellant has nevertheless pursued such an avenue in this case.

In light of the aforementioned concerns, then, we asked the parties whether this Court could remand for the district court to convert the notice of appeal, as supplemented by the Appellant's response to the Government's motion to dismiss, as a petition for habeas relief. The Government submitted that the *only* obstacle to such a disposition is that, under *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), a court may not order conversion without the consent of the defendant. *Adams* did caution that such conversion could prejudice a defendant, but it premised this concern on the conclusion that conversion could use up a petitioner's first opportunity to seek § 2255 relief – a concern rendered moot in the context of *this case* by our decision in *Urinyi*, 607 F.3d at 321. Nevertheless, in the absence of any Government objection, and in an abundance of caution, we order that the case be remanded to the district court with instructions to convert the Appellant's notice of appeal (as supplemented by the Defendant's brief claiming ineffectiveness resulted in his failure to timely file his appeal) into a petition for habeas

4

corpus, after first providing "the [Defendant] the opportunity to withdraw the [notice] rather than have it so recharacterized."   *Adams*, 155 F.3d at 584.

It is thus ORDERED that the Government's motion is GRANTED and the appeal is DISMISSED.   *See* Fed. R. App. P. 4(b); *United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008). It is further ORDERED that this case is REMANDED to the district court for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk