**UNITED STATES of America,**
Appellee,

v.

**Arcangelo CIANFARANO,**
**Defendant–Appellant.**

No. 07–0108–cr.

United States Court of Appeals,
Second Circuit.

May 21, 2008.

Thomas F. Liotti (Jennifer L. McCann, on the brief), Law Offices of Thomas F. Liotti, Garden City, NY, for defendant-appellant.

Peter A. Norling (Geoffrey R. Kaiser, on the brief), Assistant United States Attorneys for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for appellee.

PRESENT: Hon. ROGER J. MINER and Hon. B.D. PARKER, Circuit Judges.[1]

1. The Honorable Wilfred Feinberg, originally a member of the panel, recused himself, and the appeal is being decided, pursuant to 2d

## SUMMARY ORDER

Defendant–Appellant Arcangelo Cianfarano appeals from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.* ). We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal. On May 25, 2006, Cianfarano pled guilty to a single count of mail fraud. The district court sentenced him principally to eight months incarceration on October 6, 2006. On December 22, 2006, Cianfarano filed an "application for re-sentencing" in which he sought a non-incarceratory sentence because the government allegedly breached its plea agreement. The district court held a hearing on December 28, 2006, and rejected Cianfarano's application. Cianfarano filed a notice of appeal on January 4, 2007.

■ Cianfarano was sentenced on October 6, 2006 and the judgment of conviction was entered on November 7, 2007. Under Fed. R.App. P. 4(b)(1)(A)(i) a defendant has 10 days, excluding holidays and weekends, from entry of judgment on the docket in which to file a notice of appeal. Cianfarano filed his appeal on January 4, 2007, well after the deadline. He asserts, with no precedential support, that the December 28, 2007 date of the denial of his "application for resentencing," as opposed to the entry of judgment, should start the clock for his appeal. While "Rule 4(b) is not jurisdictional," "[w]hen the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible." *United States v. Frias,* 521 F.3d 229, 234 (2d

Cir. Local Rule § 0.14(b), by the remaining members of the panel who are in agreement.

Cir.2008). Therefore, we reject his appeal as untimely.

■ Even if Cianfarano had filed in a timely manner, however, his appeal would fail. Cianfarano advances a number of arguments in his brief, but all of them, save those that allege a breach of his plea agreement, were waived by the agreement. In that agreement, Cianfarano agreed not to appeal or otherwise challenge his conviction or sentence in the event that the district court sentenced him to a prison term of 33 months or below. The district court sentenced Cianfarano to only eight months incarceration, thus triggering the "no appeal" clause of the agreement, which we now enforce. *See United States v. Rosa*, 123 F.3d 94, 97 (2d Cir.1997) ("[A] defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed guidelines range is enforceable.... [I]n no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." (internal citations and quotation marks omitted)).

■ Cianfarano's claims that the government coerced him into entering into a plea agreement and then violated the agreement have no merit. His coercion claim stems from his belief that the prosecutors should not have been able to threaten him with state prosecution or use his state grand jury testimony against him when negotiating his plea deal. The fact that overwhelming evidence exists and that a defendant faces potential state charges means that accepting a plea agreement may be prudent. It does not mean, however, that the plea agreement is coerced or involuntary.

■ It has not been established that the government violated the plea agreement.

Cianfarano claims, among other things, that the government violated the plea agreement when it used $117,000 in cash it confiscated from the body shop business and funds in two Fleet Bank accounts to satisfy the tax obligations of one of his co-conspirators. Regardless of the merits of Cianfarano's complaint, which we do not reach, this transaction cannot violate his plea agreement, which only mentions two North Fork bank accounts, the contents of which Cianfarano agreed would "be paid directly to the Clerk of the Court ... to be used to pay any restitution ... and any federal income tax liability that is determined to exist." The $117,000 in cash and the two Fleet Bank accounts lie outside the purview of the agreement and are not mentioned therein. Furthermore, the agreement expressly provides that it contains all promises made to Cianfarano, that it supersedes all previous promises, and that all future promises must be memorialized in writing. Therefore, the disposal of funds not covered or mentioned by the plea agreement does not violate the agreement. We have considered Cianfarano's other arguments and find them without merit.

For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.