09-2373-cr
*USA v. Aller*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of July, two thousand and ten.

PRESENT: REENA RAGGI,
         RICHARD C. WESLEY,
         PETER W. HALL,
             *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

    -v.-                       09-2373-cr

KEVIN ALLER,

        *Defendant-Appellant.*

---

1

FOR APPELLANT:     ARZA FELDMAN, Feldman & Feldman, Uniondale, NY.

FOR APPELLEES:     DANIEL A. BRAUN, (Katherine Polk Failla, *on the brief*), Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Kevin Aller ("appellant") appeals from a judgment of conviction entered on May 28, 2009, in the United States District Court for the Southern District of New York (Griesa, *J.*), following a remand from this Court pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Appellant was convicted on charges of RICO conspiracy, 18 U.S.C. § 1962(d), narcotics conspiracy, 21 U.S.C. § 846, and conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a), for offenses committed while participating in the affairs of a racketeering enterprise known as "Baby J's Crew." Appellant was sentenced to an aggregate prison term of fifty years, and now challenges various aspects of

2

that sentence on appeal.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a sentence for both procedural and substantive reasonableness.  *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008).  Appellant first argues that his sentence is substantively unreasonable because it is "dramatically disproportionate" to the sentences of his co-defendants.  That argument is meritless.  A district court is required to consider unwarranted <u>nationwide</u> disparities, *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008), but is not obliged to account for disparities among co-defendants in imposing a sentence.  *See* 18 U.S.C. § 3553(a)(6).  But in any event, appellant is not similarly situated to his co-defendants for various reasons – not the least of which is that appellant refused to cooperate with authorities and insisted on going to trial.  The sentence disparities are therefore not "unwarranted," and do not impugn the reasonableness of appellant's sentence, which falls comfortably within the "range of permissible decisions."  *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008).

3

Appellant next argues that the sentencing judge erred in calculating appellant's base offense level. Specifically, he avers that the judge should not have relied on the fact that the conspiracy to commit murder in aid of racketeering, of which appellant was convicted, actually resulted in the death of a victim. Because he was acquitted of the substantive crime of murder, appellant maintains, his offense level should not have been increased based on the fact of the victim's death. That argument is unavailing. It is well settled that in the post-*Booker* world, a sentencing judge retains the authority to find facts relevant to sentencing by a preponderance of the evidence, even those of acquitted conduct.[1] *See United States v. Vaughn*, 430 F.3d 518, 525-27 (2d Cir. 2005). It was therefore not improper for the court to rely on the fact that the conspiracy resulted in the death of a victim in calculating appellant's base offense level of 43. *See* 18 U.S.C. 1959(a); U.S.S.G. § 2A1.5(c)(1).

Finally, appellant claims that the district court erred in granting the government's motion to correct the judgment

---

[1] Of course, that principle is subject to Sixth Amendment constraints not presented here, such as if the judge relied upon those facts to impose a sentence greater than the maximum supportable by the jury verdict. *See generally Cunningham v. California*, 549 U.S. 270 (2007).

4

form, which erroneously stated that appellant's sentences on Counts 2 and 3 were to be served concurrently (for a total of thirty years), instead of consecutively (for a total of fifty years).  That argument is specious, because while it would have been well within the district court's authority to correct a scrivener's error, *see* Fed. R. Crim. P. 36, the court did not even have occasion to do so.  Instead, the district court proceeded with the *Crosby* remand by conducting a complete re-sentencing *de novo*.  Appellant therefore challenges a ruling never made.

We have considered the appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk