11-2526-cr
United States v. Taggert

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> > Circuit Judges.

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> Appellee,

    -v.-                            11-2526-cr

ANTHONY TAGGERT,
> Defendant-Appellant.

- - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                CHRISTOPHER D. FREY, Assistant United States Attorney (Daniel P. Chung, Justin S. Weddle, Assistant United States Attorneys, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:    MITCHELL A. GOLUB, Golub & Golub, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, J.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Anthony Taggert appeals from the district court's judgment, entered on June 8, 2011, convicting him of various drug conspiracy, distribution, and possession charges and sentencing him to ninety-six months' imprisonment, five years' supervised release, and forfeiture in the amount of $2,248,000.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Taggert appeals only the forfeiture amount ordered by the district court, contending that the amount imposed created an unwarranted sentencing disparity among similarly situated defendants, and that the district court therefore failed to consider the need to avoid such disparities pursuant to 18 U.S.C. § 3553(a)(6) ("The court . . . shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."). Specifically, Taggert argues that the district court should have ordered a forfeiture amount in line with what it imposed on Brian Gaul, Taggert's wholesale middleman supplier of methamphetamine, who cooperated with and testified for the

government at Taggert's trial.  The district court sentenced Gaul prior to Taggert, ordering forfeiture in the amount of $20,000.

We review a sentence challenged on appeal for procedural and substantive reasonableness.  United States v. Cavera, 550 F.3d 180, 189-90 (2d Cir. 2008).  Where the defendant did not object to or raise the issue before sentencing below, as Taggert concedes he did not here,[1] we review any procedural claim for plain error.  See United States v. Uddin, 551 F.3d 176, 181 (2d Cir. 2009).  In examining a sentence for substantive reasonableness, we review it under a "'deferential abuse-of-discretion standard.'"  Cavera, 550 F.3d at 189 (2d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)).  With respect to calculation of the forfeiture amount, we review factual findings for clear error and legal conclusions de novo.  United States v. Roberts, 660 F.3d 149, 165 (2d Cir. 2011).

We have reviewed the district court's forfeiture order below in light of these principles and conclude that the district court committed no error and did not abuse its discretion in imposing forfeiture in the amount of $2,248,000.

First, even assuming § 3553(a)(6) applies to forfeiture orders,[2] we have previously held that § 3553(a)(6) "requires a

---

[1]    Taggert only raised the issue in a letter submitted to the district court almost three weeks after the sentencing and after already filing a notice of appeal.

[2]    It is not apparent that § 3553(a)(6) applies to an order of forfeiture.  Title 18, United States Code, Section 3554 governs an order of criminal forfeiture, making it mandatory for various drug offenses.  See 18 U.S.C. § 3554.  In addition, 21 U.S.C. § 853 governs criminal forfeitures specifically with

district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008). Here, the district court was not required to consider any disparity in this respect between Gaul and Taggert.

Second, Gaul and Taggert were not similarly situated defendants in any event. Gaul acted as a middleman in some of Taggert's drug purchases, sometimes brokering transactions with funds provided by Taggert, while Taggert arranged for transport of drugs to New York and carried out their sale and distribution in New York -- including transactions not involving Gaul. Further, Gaul pled guilty and cooperated with the government, whereas Taggert went to trial and only provided assistance to the government after his conviction following trial.

Third, the district court's findings with respect to the calculation of forfeiture were not clearly erroneous, see Roberts, 660 F.3d at 165, and the district court did not abuse its discretion in ordering the forfeiture amount. The government attributed approximately 44 pounds, or roughly 20 kilograms, of methamphetamine to Taggert based on his proffer with the government. Defense counsel agreed to this amount at sentencing.

---

respect to drug offenses, mandating that a court, "in imposing sentence . . . , shall order, in addition to any other sentence imposed," forfeiture of any property or proceeds obtained as a result of the offense conduct. See 21 U.S.C. § 853(a). Neither statute incorporates or makes reference to the sentencing factors listed under § 3553(a). See 18 U.S.C. § 3554; 21 U.S.C. § 853(a). In light of our disposition below, we do not decide this issue.

(See Sent. Tr. 2-3 ("[M]y belief is, and I think it's borne out by the government's own submission, that the total quantity was around 44 pounds, which comes out to about 20 kilos.")). The government provided a breakdown of the monies attributed to this amount in its sentencing memorandum. (See Gov't Sent. Mem. 15). The district court reviewed the government's calculations and found that "they adequately demonstrate that the proceeds here from . . . at least a portion of [Taggert's] methamphetamine sales would result in a forfeiture of $2,248,000." (Sent Tr. 18).

Finally, even assuming the district court did err as to Gaul's forfeiture amount in light of the subsequent calculations involving Taggert, it is of no consequence as the district court's forfeiture order with respect to Taggert was not plainly erroneous nor was it located outside "the range of permissible decisions." Cavera, 550 F.3d at 189 (internal citation and quotation marks omitted).

We have considered Taggert's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK