11-570-cr
United States v. Esso

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of June, two thousand twelve.

PRESENT:    JOHN M. WALKER, Jr.,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                    *Appellee*,

            v.                                                      11-570-cr

GEORGE ESSO,

                    *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:     DARRELL B. FIELDS, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:                REBECCA A. ROHR, Assistant United States Attorney (Iris Lan, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

1

Appeal from the judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of sentence of the district court is VACATED, and the matter REMANDED to the district court for resentencing. Defendant-appellant George Esso was convicted on two charges arising from his participation in a mortgage fraud scheme. On appeal, he argues that his sentence should be vacated because of the disparity between the sentences that he and his co-defendant Ravi Persaud received. For the reasons that follow, we vacate Esso's sentence and remand to the district court for resentencing.[1] We assume the parties' familiarity with the underlying facts and procedural history.

Esso and Persaud participated in a fraudulent scheme that operated through a mortgage brokerage, GuyAmerican Funding Corp. ("GuyAmerican"), from 2006 to 2007. As part of the scheme, GuyAmerican employees arranged loans by submitting false information to lenders, including false information regarding the supposed buyers' net worth, employment, income, and plans to live in the homes. Esso, Persaud, and several other participants in the scheme were indicted on July 26, 2010. The indictment charged both Esso and Persaud with one count of conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349. Esso was also charged with one count of bank fraud, in violation of 18 U.S.C. § 1344, for fraudulently arranging a $600,000 home mortgage loan for a property in the Bronx. Persaud was charged with three counts of bank fraud, in violation of 18 U.S.C. § 1344, for fraudulently arranging

---

[1] In a separate opinion filed today, we affirm Esso's conviction on the two mortgage fraud charges.

2

three home mortgage loans with a total value of $1,830,000 for two properties in Queens and one in Brooklyn.

Esso and Persaud were tried together, and on August 26, 2010, the jury convicted both of them on all counts on which they were charged in the indictment. On February 4, 2011, Esso was sentenced to a below-Guidelines sentence of a year and a day in prison, which the District Court justified, in part, by noting that Esso was the "least culpable" participant in the scheme. Three weeks later, on February 25, 2011, the district court sentenced Persaud to a below-Guidelines sentence of "12 weekends in intermittent community confinement."[2] After Persaud was sentenced, Esso filed a motion for resentencing that challenged the disparity between his sentence and Persaud's. The district court denied that motion on the ground that it lacked jurisdiction to resentence Esso, while noting that it was "tempt[ed]" to say that it "would have given [Esso] a lower sentence" if it had the authority to resentence him.

Esso does not challenge the substantive reasonableness of his sentence, which was less than one-third of the bottom of the applicable Guidelines range. He does, however, raise a procedural challenge, arguing that he, as the "least culpable" defendant, should not have received a longer sentence than his more culpable co-defendant, Persaud.

In reviewing a sentence, we must "ensure that the district court committed no significant procedural error, such as . . . failing to consider the [18 U.S.C. § 3553(a)] factors . . . or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Under Section 3553(a)(6), district courts must consider "the need to avoid unwarranted sentence disparities among

_____

[2] The government did not appeal Persaud's sentence.

3

defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); see also Kimbrough v. United States, 552 U.S. 85, 108 (2007). Although the main purpose of Section 3553(a)(6) is "to minimize nationwide disparities," we do not "object to district courts' consideration of similarities and differences among co-defendants when imposing a sentence." United States v. Wills, 476 F.3d 103, 110 (2d Cir. 2007), abrogated on other grounds by Cavera, 550 F.3d at 191; see also United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008) ("We have held that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants."). Where, as here, a sentencing court opts to compare the relative culpability of co-defendants, we accord the court broad discretion so long as the factors it considers "'are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances.'" Wills, 476 F.3d at 110 (quoting United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006)). In addition, we have recognized that sentencing disparities among co-defendants are not "unwarranted" under Section 3553(a)(6) where the defendants are not "similarly situated." United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006).

In this case, the district court explicitly compared Esso to Persaud and the other participants in the scheme, finding that Esso, who served as a loan officer at GuyAmerican, was the "smallest player" in the conspiracy and the "least culpable." As the court noted:

> He was not a lawyer, he did not make millions of dollars in commissions, he did not run the real estate agency, he did not produce dozens of straw buyers, and he did not flip properties.

Despite this comparison, the district court did not explain why, if Esso was less culpable than Persaud, Esso received the longer sentence. The reason for that disparity is far from apparent on

4

the record before us. Without engaging in an exhaustive summary of the record, we note the following: Persaud was a central figure in the conspiracy, serving as the closing attorney in numerous fraudulent transactions. Persaud was convicted of two more bank fraud charges than Esso was, and was subject to a higher recommended prison term under the Sentencing Guidelines (46 to 57 months rather than 37 to 46 months). Both Esso and Persaud were married, middle-aged, and first-time offenders, and the district court found that neither of them posed a threat to public safety. Both faced serious collateral consequences from conviction, with Persaud facing the loss of his law license and Esso, who is not a United States citizen, facing removal to his native country, the Ivory Coast. At sentencing, each received letters of support, although, as the government notes, Persaud received a larger number of such letters.[3]

We recognize the difficulty that district courts sometimes face in coordinating separate but related sentences. At the time of Esso's sentence, Persaud had not yet been sentenced, and so the district court had no opportunity or occasion to compare Esso's sentence to that of a co-defendant who had not yet been sentenced. It may have been the court's intention to sentence Esso at the low end of the range of co-defendants, only to discover reasons, in sentencing Persaud, why the range should be changed. Alternatively, it may be the case that upon sentencing Persaud, the court found that Esso was *not*, as had previously been assumed, the least culpable, or discovered reasons why factors unique to Persaud's character or circumstances suggested that he should receive a lower sentence than Esso, even though Esso was less

---

[3] At the same time, however, the sentencing submissions revealed that Persaud was twice disciplined by the Grievance Committee for misconduct as a lawyer in connection with real estate transactions, while Esso received what the district court described as an "enthusiastic letter" of support from the restaurant at which he worked.

culpable. The court's later comment, in response to Esso's motion, suggests that the court itself would have either reconsidered or explained its sentence if it had jurisdiction to do so.

In light of the district court's failure to explain why Esso received a longer sentence than Persaud despite Esso's lesser culpability, and the fact that the two were similarly situated in numerous respects, we vacate Esso's sentence and "remand to the district court so that it can either explain what it was trying to do, or correct its mistake and exercise its discretion anew." Cavera, 550 F.3d at 190. Thus, on remand, the district court may reimpose the same sentence upon Esso if it explains why such a sentence is appropriate in light of the Sentencing Guidelines and the other Section 3553(a) factors, including Section 3553(a)(6). See Fernandez, 443 F.3d at 32 (noting that a district court is not required to give Section 3553(a)(6) "determinative or dispositive weight in [any] particular case, inasmuch as it is only one of several factors that must be weighted and balanced by the sentencing judge"). Alternatively, the court may, in its discretion, reduce Esso's sentence in light of the lower sentence that his less-culpable co-defendant received if it believes such a reduction is warranted. We emphasize that we neither express nor imply any opinion as to the course the court should follow.

Accordingly, we VACATE the judgment of sentence of the district court and REMAND for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6