*United States v. McLeod*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-two.

PRESENT:
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                      No. 21-2642

LENNIER MCLEOD,

> *Defendant-Appellant.*

_____

| For Defendant-Appellant: | SARAH BAUMGARTEL, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY. |
|---|---|
| For Appellee: | ANDREW REICH (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lennier McLeod appeals from a judgment of the district court revoking her supervised release and sentencing her to time served and one additional year of supervised release. McLeod argues principally that the district court lacked jurisdiction to revoke her term of supervised release because the delay in adjudicating her supervised-release violations was not "reasonably necessary" under 18 U.S.C. § 3583(i). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2009, McLeod pleaded guilty in the Eastern District of Virginia to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, for which she

was sentenced to forty-seven months' imprisonment and five years' supervised release.[1]   The conditions of supervised release prohibited McLeod from, among other things, committing any further "federal, state or local crime[s]."   App'x at 10.   McLeod was released from custody in March 2013, at which point she commenced her five-year term of federal supervision.   Four years later, McLeod's supervision was transferred from the Eastern District of Virginia to the Eastern District of New York, where McLeod was residing.

In August 2017, the United States Probation Office prepared a violation of supervised release ("VOSR") report alleging twenty-three separate violations of the terms of McLeod's supervision, twenty-two of which involved a $200,000 bank-fraud scheme being investigated by the New York City Police Department. Upon receipt of the VOSR report, Judge Roslynn R. Mauskopf, to whom the transferred case had been assigned, issued a summons ordering McLeod to appear.   After McLeod was presented on the specifications, she and the government stipulated to an adjournment of the VOSR proceedings, which the

---

[1] This time was to run consecutive to an undischarged sentence of twenty-four months imposed for a separate conviction in the Western District of Tennessee, resulting in a total sentence of seventy-one months.

3

district court granted, pending resolution of the state charges underlying the VOSR.

In December 2017, McLeod was arrested and charged in state court with various state-law offenses, including retail theft, grand larceny, and criminal possession of stolen property. For the next two and a half years, while those state charges were pending, McLeod remained in state custody. During that period, the district court issued several orders holding the VOSR proceedings in abeyance pending resolution of the state charges. The district court also issued an arrest warrant on the VOSR specifications, to serve as a detainer in the event that McLeod were released from state custody.

In April 2020, the state court ordered that McLeod be released on her own recognizance due to the COVID-19 pandemic. Shortly thereafter, McLeod's counsel requested that the district court vacate the previously issued warrant so that McLeod's release would not lead to her immediate remand into federal custody. The district court granted that request and once again ordered that the VOSR proceedings be held in abeyance pending resolution of the state charges.

Over the next eight months, the parties made, and the district court granted, several renewed requests to adjourn McLeod's VOSR proceedings pending

4

resolution of her state charges. In those orders, the district court made clear that "[t]he VOSR shall remain in abeyance pending further order of the [c]ourt." App'x at 6. On January 12, 2021, the district court directed the parties to "file a joint status report updating the [c]ourt on [McLeod's] state[-]court case and the plan for resolving the pending VOSR, which has been held in abeyance." *Id.* Three days later, McLeod's counsel submitted a letter indicating that the parties "ha[d] agreed, in principle, that Ms. McLeod" would admit to specifications two and three in the VOSR report alleging that she had violated state law and that "the government and probation department [would] recommend a sentence of time served to be followed by one year of supervised release." *Id.* at 40. But this agreement had not yet been finalized, as McLeod's counsel was still "waiting for confirmation" that McLeod had, in fact, pleaded guilty to the underlying state charges. *Id.* Nevertheless, since McLeod's counsel was "[e]xpecting that confirmation shortly," he advised the district court that "the parties [were] ready to schedule . . . an appearance." *Id.* In the months that followed, neither McLeod's counsel nor the government made any further submissions indicating that the "agree[ment] in principle" had been formalized, confirming that McLeod

had "indeed pleaded guilty" in state court, or affirmatively requesting that the court schedule a date for the VOSR hearing. *Id.*

In July 2021, McLeod's federal case was reassigned from Judge Mauskopf to Judge Donnelly. A month later, Judge Donnelly ordered the parties to appear on September 27, 2021 for a final hearing regarding the revocation of supervised release. On that date, McLeod appeared with counsel, who apprised the court that the parties had reached an agreement for McLeod to admit to specifications two and three in the VOSR report. In response to a question by Judge Donnelly asking about the status of the state-court cases, McLeod's counsel stated that McLeod had "pleaded guilty to the corresponding charges in state court." *Id.* at 44. At no point during the hearing did McLeod's counsel challenge the district court's jurisdiction or suggest in any way that the court had unreasonably delayed McLeod's hearing. Instead, the parties proceeded with the hearing, during which McLeod admitted to specifications two and three in the VOSR report. The district

court then sentenced McLeod to time served and one additional year of supervised

release.[2]   This appeal followed.[3]

We review de novo a challenge to a district court's jurisdiction to revoke a

term of supervised release.   *See United States v. Spencer*, 640 F.3d 513, 518 (2d Cir.

2011).   A district court's "power . . . to revoke a term of supervised release" and

impose a new sentence "extends beyond the expiration of the [original] term . . .

for any period reasonably necessary for the adjudication of" any VOSR

specifications that arose, and for which "a warrant or summons [was] issued,"

prior to the expiration of the original term.   18 U.S.C. § 3583(i).   We have

explained that "reasonable necessity" is a "relatively elastic concept" that should

account for both "the legitimate interests of the defendant and the government."

*United States v. Ramos*, 401 F.3d 111, 118 (2d Cir. 2005).

---

[2] McLeod's state charges were finally resolved in January 2022, when she was sentenced to a three-to-six-year term of incarceration, with credit for time she had already served.   On September 29, 2022, McLeod was released from state custody.

[3] While McLeod's notice of appeal was untimely, *see* Fed. R. App. P. 4(b)(1)(A), the government did not raise this issue and instead addressed only the merits of McLeod's arguments on appeal. As a result, we deem the government to have forfeited any objection to the timeliness of McLeod's notice of appeal.   *See United States v. Frias*, 521 F.3d 229, 231 (2d Cir. 2008) ("We conclude that the time limits of Rule 4(b) are not jurisdictional and are therefore capable of forfeiture by the government.").

On appeal, McLeod does not dispute that a summons and warrant were issued before her five-year term of supervised release expired, as required by 18 U.S.C. § 3583(i). Nor does she challenge the reasonableness of the forty-one-month delay between August 2017 and January 15, 2021, during which time the district court – often at the request of the parties – repeatedly held her VOSR proceedings in abeyance pending resolution of the state charges. McLeod argues only that the eight-month delay between her counsel's January 15, 2021 letter and her September 27, 2021 hearing was not reasonably necessary, that the district court therefore lost jurisdiction to adjudicate the violations, and that her sentence, as a result, should be vacated. We disagree.

As a general matter, when the same conduct gives rise to both state criminal charges and violations of federal supervised release, common sense dictates that the state charges be resolved first. "Requiring a federal court to begin revocation proceedings before the state court has determined whether the defendant is guilty on the charges underlying revocation would thrust the federal court into a determination of the defendant's guilt under state law, an area fundamentally reserved to the states." *Ramos*, 401 F.3d at 117–18. Moreover, "judicial efficiency is better served . . . by ascertaining the defendant's guilt once in state court, rather

8

than twice." *Id.* at 118. Waiting for the state proceedings to conclude also inures to the benefit of the supervisee, since any statements she may choose to make during the federal revocation proceeding may be used against her in the parallel, and often more consequential, state-court proceeding. *See United States v. Jones*, 299 F.3d 103, 111 (2d Cir. 2002) (noting that a supervisee's testimony at her VOSR hearing may "prejudice [her] state[-]court defense").

Here, we cannot say that the eight-month delay between January 15, 2021 and September 27, 2021 was unreasonable. While McLeod argues that the January 15 letter should have prompted the district court to schedule a VOSR hearing, the letter was equivocal in several key respects. For starters, the letter characterized the parties' agreement as one reached only "in principle," without any representation as to when a finalized agreement might be expected. App'x at 40. McLeod's counsel also told the court that he was still "waiting for confirmation that Ms. McLeod ha[d] indeed pleaded guilty . . . in state court," *id.* 40, but then failed to follow up with any such confirmation. Given that "state adjudications are plainly relevant to the federal determination of whether or not a [supervisee] has committed a crime in violation of state law," *Ramos*, 401 F.3d at 117, it was not unreasonable for the district court to maintain the status quo –

9

holding the VOSR in abeyance pending resolution of the state-court case – until it received confirmation that McLeod had pleaded guilty to the charges that gave rise to specifications two and three.

At no point between January 15 and September 27 did defense counsel ever advise the district court that the contingencies of the January 15 letter – a final plea agreement with the government and a state-court guilty plea – had been resolved. It was not until the VOSR hearing on September 27, in response to Judge Donnelly's direct questions, that counsel confirmed that the parties had reached a final agreement to resolve the specifications, and that McLeod had pleaded guilty to the state charges underlying the violations to which she was willing to admit in federal court. App'x at 44. And only after confirming those two facts did Judge Donnelly proceed with the VOSR hearing and sentencing. Since confirmation of those facts was "reasonably necessary" for the adjudication of the VOSR specifications, we find that the district court had jurisdiction under section 3583(i)

to revoke McLeod's term of supervised release and impose a new sentence based on her admitted violations.   18 U.S.C. § 3583(i).

We have considered McLeod's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court