13-631-cr
United States v. Chervin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of January, two thousand fourteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

        -v-                                              13-631-cr

VADIM CHERVIN, AKA SEALED DEFENDANT 7, AKA VADIK,

                 *Defendant-Appellant*.

_____

Appearing for Appellant:     Frederick H. Cohn (Angela Lipsman, *on the brief*), New York, N.Y.

Appearing for Appellee:      Joshua A. Naftalis, New York, N.Y., and Diane Gujarati, White Plains, N.Y., Assistant United States Attorneys (Preet Bharara, United States Attorney for the Southern District of New York, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Vadim Chervin was convicted of one count of conspiracy to commit mail fraud and health care fraud, in violation of 18 U.S.C. § 1349, and one count of health care fraud, in violation of 18 U.S.C. § 1347. He was sentenced principally to 57 months of imprisonment. Chervin now appeals from his February 14, 2013 judgment of conviction, which was filed on February 19, 2013. On appeal, Chervin asserts that his sentence was unreasonable because it was disproportionate to the sentences of other individuals who were involved in the fraud at issue in this case. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[W]e review a sentence for reasonableness," which "is akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 26–27 (2d Cir. 2006). There are two components that are included in the court's review of sentencing: procedural review and substantive review. *See United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010).

In this case, the district court committed no procedural error at sentencing. "[A]ssuming *arguendo* that 18 U.S.C. § 3553(a)(6) can support a reduced sentence designed to eliminate or diminish disparity between the sentences imposed on co-defendants, those co-defendants would have to be similarly situated." *Fernandez*, 443 F.3d at 31–32 (footnote omitted).[1] Chervin has not shown that he was similarly situated to his co-defendants for various reasons, including that he was the only defendant in this case to go to trial and he did not accept responsibility. While the record does not contain materials stating the degree to which Chervin's co-defendants accepted responsibility, it is undisputed that many of them pleaded guilty and, therefore, even if their acceptance of responsibility was limited they admitted sufficient facts to show their guilt. In addition, some of the co-defendants in this case were convicted of crimes different than the ones for which Chervin was convicted. Accordingly, assuming that Section 3553(a)(6) can be used to challenge disparities in sentences among co-defendants, Chervin has failed to show that he was similarly situated to his co-defendants such that any disparity between his sentence and theirs would be unreasonable.

Chervin also argues that the district court did not sufficiently explain the disparities in the sentences among the co-defendants in this case. "We have held that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). In any event, we may presume that the district court considered Chervin's disparities argument because it reviewed his January 3, 2013 letter regarding sentencing, which referenced that argument. *See Fernandez*, 443 F.3d at 29 (there is a "strong presumption that the sentencing judge has considered all arguments properly presented to her").[2] Accordingly, Chervin has not

---

[1] Section 3553(a)(6) of Title 18 of the United States Code instructs the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

[2] We note that the district court referred to a sentencing letter that it had received from defendant as one dated January 12, 2013, not January 3, 2013. However, when the district court asked at the hearing whether it had in its possession all of the parties' sentencing submissions, Chervin did not state that the court was missing any of his submissions.

2

shown that the district court's failure to explain the disparities among the co-defendants' sentences at the hearing meant that the district judge did not fulfill his duty to consider Chervin's argument.

Nor was Chervin's sentence substantively unreasonable. Chervin has offered no persuasive argument as to why the district court's alleged failure to place more weight on the disparities among the co-defendants' sentences rendered Chervin's sentence substantively unreasonable. Chervin was involved in a scheme that defrauded insurance companies out of more than one million dollars and he failed to accept responsibility for his actions. Based on that conduct, Chervin's sentence at the low end of the Guidelines range was not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Dorvee*, 616 F.3d at 183 (internal quotation marks omitted).

Finally, we are unclear why Chervin has asserted that he was not permitted to review the sentencing minutes of his co-defendants. The district court record reveals that the district court granted Chervin's application to obtain the minutes of those sentencing proceedings. *See* Endorsed Letter at 1, *United States v. Chervin*, No. 10-cr-00918-RPP-7 (S.D.N.Y. June 19, 2013), ECF No. 564 ("Application ['to enlarge the record' and for 'authorization to obtain the sentencing minutes'] granted. So ordered. Robert P. Patterson U.S.D.J.").

We have considered the remainder of Chervin's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk