12-2597-cr
United States v. Burris

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                        No. 12-2597-cr

SAMUEL BURRIS, AKA JACKIE,
*Defendant-Appellant.*

---------------------------------------------------------------------

FOR APPELLANT:               Daniel M. Perez, Esq., Newton, New Jersey.

FOR APPELLEE:                Susan Corkery, Douglas M. Pravda, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 18, 2012, is AFFIRMED.

Defendant Samuel Burris stands convicted following a guilty plea to wire and mail fraud conspiracy, see 18 U.S.C. §§ 1341, 1343, 1349, crimes for which he is now serving a 57-month prison sentence. Burris contends that the sentence, at the low end of his 57-to-71 months Guidelines range, was procedurally and substantively unreasonable. We review Burris's sentence for "reasonableness," "a particularly deferential form of abuse-of-discretion review" that we apply both to the procedures used to arrive at the sentence and to the substantive length of the sentence. United States v. Cavera, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc); accord United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012). In so doing, we assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Error

Burris charges the district court with procedural error in failing to consider the disparity between his sentence and that of his co-defendants, as well as other fraud sentences nationwide. Because Burris failed to raise this objection below, we review only for plain error, which we do not identify here.

At sentencing, the district court expressly stated that, among other factors, it considered the need to "avoid unwarranted sentencing disparities among similarly situated defendants around the country," Sentencing Tr. 23, J.A. 167, and determined that, contrary

2

to the statistics cited by Burris of below-Guidelines sentences imposed nationwide and within this Circuit for similar crimes, the Guidelines range was appropriate given the nature of the fraud, the harm caused, and Burris's leadership role. This belies Burris's claim of a failure to consider nationwide disparity as required by 18 U.S.C. § 3553(a)(6).

Meanwhile, Burris's contention that the district court procedurally erred in failing to consider the disparity between his and his co-defendants' sentences fails on the merits because § 3553(a)(6) does not require consideration of such disparities. See United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008) ("We have held that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants."). Even "assuming arguendo that 18 U.S.C. § 3553(a)(6) can support a reduced sentence designed to eliminate or diminish disparity between the sentences imposed on co-defendants, those co-defendants would have to be similarly situated." United States v. Fernandez, 443 F.3d 19, 31–32 (2d Cir. 2006) (footnote omitted). Burris has not shown that he was similarly situated to co-defendants who played supporting or minor roles in the charged fraud scheme. For example, nine co-defendants were Federal Express drivers with limited knowledge of the scheme, minor roles, and limited responsibility for total losses. While co-defendants Davis and Stewart, like Burris, held leadership positions in the scheme, they were not similarly situated in that they pleaded guilty at an earlier juncture, receiving three-level Guideline reductions for acceptance of responsibility and an additional one-level reduction

3

for a global plea disposition. By contrast, Burris received only a two-level reduction for acceptance of responsibility.

Burris also faults the district court's finding that he engaged in aggravated identity theft. But he fails to demonstrate clear error. See United States v. Cavera, 550 F.3d at 190 (noting that district court commits procedural error when it "rests its sentence on a clearly erroneous finding of fact"). The district court's challenged finding was based on Burris's use of stolen personal information "to gain access to various customer accounts, to order new lines of service, order equipment, and to otherwise carry out the fraud," Sentencing Tr. 24, J.A. 168, facts sufficient to constitute aggravated identity theft. See 18 U.S.C. § 1028A (defining aggravated identity theft); see also U.S.S.G. § 1B1.4 (authorizing district court to take relevant uncharged conduct into account in fashioning an appropriate sentence).

Accordingly, we identify no procedural error rendering Burris's sentence unreasonable.

2. Substantive Reasonableness

In arguing substantive unreasonableness, Burris bears "a heavy burden" because our review of such a claim is "particularly deferential." United States v. Broxmeyer, 699 F.3d at 288–89. Indeed, we will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation

4

marks omitted); see United States v. Jones, 531 F.3d 163, 178 (2d Cir. 2008) (stating that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances" (internal quotation marks omitted)).   That is not this case.

Insofar as Burris recasts his disparities argument to urge substantive unreasonableness, we have already observed that he fails to demonstrate that he is similarly situated to his comparators.   In any event, such disparity is one factor, not the determinative factor, to be considered in identifying an appropriate sentence under § 3553(a).   See United States v. Fernandez, 443 F.3d at 32 ("[T]he requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is not synonymous with a requirement that the factor be given determinative or dispositive weight in the particular case, inasmuch as it is only one of several factors that must be weighted and balanced by the sentencing judge." (emphasis in original)).

At sentencing, the district court acknowledged the positive personal history and characteristics that Burris argues warranted more mitigating weight than that afforded in calculating his sentence.   The district court balanced these factors against the scope and duration of the fraud, Burris's leadership role, the harm caused by the fraud—to direct victims, the public at large, and Burris's own family—and ultimately concluded that a sentence at the lower end of the Guidelines, below that recommended by the Probation Department, was warranted to serve the objectives of § 3553(a).   Although Burris argues

5

that the district court placed undue emphasis on the harm caused by the aggravated identity theft portion of the fraudulent scheme, we generally defer to such assessments of weight. See id. at 32.   Here, the district court found that identity theft "was a very real and a very integral part of the fraud here."   Sentencing Tr. 24, J.A. 168.   Given the centrality of identity theft to the success of the fraud, we cannot say that the district court abused its discretion in concluding that ensuing harm outweighed positive personal characteristics that Burris contends warranted a below-Guidelines sentence or any resulting sentencing disparity.   Thus, the totality of the circumstances affords no basis for deeming the 57-month sentence substantively unreasonable.

We have considered Burris's remaining arguments on appeal and we conclude that they are without merit.   Accordingly, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court