23-305-cv
*Hampton v. McDonough*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-four.

Present:

> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

DANIEL HAMPTON,

> *Plaintiff-Appellant,*

v.                                                                                    23-305-cv

DENIS RICHARD MCDONOUGH, in his official capacity as Secretary of the United States Department of Veterans Affairs,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | KISSINGER N. SIBANDA, Livingston, NJ |
| For Defendant-Appellee: | MEGAN J. FREISMUTH (Varuni Nelson, Rachel G. Balaban, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Central Islip, NY |

1

Appeal from an order of the United States District Court for the Eastern District of New York (James M. Wicks, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-Appellant Daniel Hampton challenges an order of the United States District Court for the Eastern District of New York (James M. Wicks, *Magistrate Judge*), entered on April 28, 2023, denying his motion for judgment notwithstanding the verdict under Federal Rule of Civil Procedure 60(b)(3) or, in the alternative, for a new trial under Federal Rule of Civil Procedure 59(a)(1)(A) ("post-trial motions"). Hampton, a former employee of the U.S. Department of Veterans Affairs, sued the VA Secretary in 2017 claiming hostile work environment, retaliation, and sexual harassment, in violation of 42 U.S.C. § 2000e *et seq*. Only the retaliation claim survived pretrial proceedings, and at a January 2023 trial where Hampton was represented by counsel, the jury found the Secretary not liable, as reflected in a judgment dated February 1, 2023, and entered on February 2, 2023. On February 27, 2023, Hampton, newly *pro se*, filed his post-trial motions. On March 7, 2023, Hampton, still *pro se*, filed a timely notice of appeal from the judgment entered on February 2. On March 14, 2023, this Court stayed Hampton's appeal pending the resolution of his post-trial motions, which the district court denied on April 28, 2023. On May 6, 2023, new appellate counsel filed a notice of appearance with this Court, which lifted the stay of Hampton's appeal on May 12, 2023. Hampton never filed a new or amended notice of appeal from the district court's April 28 order denying his post-trial motions. We assume the parties' familiarity with the case.

On appeal, Hampton challenges only the district court's April 28 order denying his post-trial motions; he does not challenge the underlying judgment that was entered on February 2. *See,*

2

*e.g.*, Appellant's Br. at 7 ("Appellant . . . seeks reversal of Order and Opinion dated April 28ᵗʰ, 2023."). But, as the Secretary points out, Hampton never filed a notice of appeal designating the post-trial orders. Although he did file a timely notice of appeal on March 7 designating the "2-01-23 Judgment," App'x 19, that notice of appeal cannot be read, under even the most generous reading, as contemplating an appeal from post-trial orders that had not yet been entered. *See Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014) (noting that the cross-appellant "never filed any additional or supplemental notice of appeal designating [a] subsequent order as the subject of a cross-appeal," and thus finding that it "cannot reasonably read [cross-appellant's] notice of cross-appeal to contemplate review of an order that did not issue until nearly two months afterwards"). Hampton therefore failed to comply with Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), which requires that "[a] party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) [which includes Rule 59 and 60 motions], or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."[1]

Hampton argues that Rule 4(a)(4)(B)(ii) is not a jurisdictional bar, but only a mandatory claim-processing rule that is subject to equitable exceptions, and that he should be excused for any failure to comply with that rule due to his earlier *pro se* status and confusion stemming from a procedural order entered by this Court at an earlier stage of his appeal. We need not decide whether

---

[1] The Secretary has not argued that Hampton's failure to file any amended notice of appeal at all (much less a timely one) also violates Federal Rule of Appellate Procedure 3(a)(1), which provides that an appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Because we conclude below that Hampton's failure to comply with Rule 4(a)(4)(B)(ii) bars his appeal, we need not reach the question of whether it would be independently barred by Rule 3, or whether that rule is jurisdictional.

Rule 4(a)(4)(B)(ii) is jurisdictional because even assuming, *arguendo*, that it is a mandatory claim-processing rule, Hampton clearly did not comply with the terms of that rule by filing a notice of appeal designating the post-trial orders *at all* (let alone an untimely one). Because the Secretary properly objected to the timeliness of Hampton's appeal, his appeal of the district court's ruling on the post-trial orders is therefore barred, full stop. *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) ("Our determination that Rule 4(b) is not jurisdictional [but rather a mandatory claim-processing rule], . . . does not authorize courts to disregard it when it is raised. When the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible.").

And assuming further Hampton were correct *both* that Rule 4(a)(4)(B)(ii) is a mandatory claim-processing rule *and* that it is subject to equitable exceptions,[2] there are no equitable considerations here that could conceivably excuse Hampton's noncompliance. Although Hampton was *pro se* when he filed his March 7 notice of appeal of the February 2 judgment, he had retained appellate counsel as of May 6. His counsel had until late June 2023 (60 days after the entry of the April 28 order denying his post-trial motions, *see* Fed. R. App. P. 4(a)(1)(B)) either to file a new notice of appeal of the April 28 order or to amend his existing notice of appeal. But Hampton's appellate counsel did neither, and counsel's failure to comply with the Rules cannot be attributed to, or excused by, Hampton's earlier *pro se* status. Counsel's contention at oral argument that this

---

[2] It is doubtful that Rule 4(a)(4)(B)(ii) is subject to equitable exceptions. Rule 4(a)(4)(B)(ii) implements 28 U.S.C. § 2107(a), which provides that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." We have held that equitable exceptions are unavailable when a mandatory claim-processing rule is statutory. *Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 57 (2d Cir. 2022) ("Judge-made exceptions may be available for judge-made exhaustion requirements. But we cannot rewrite a statute."); *see also Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 n.3 (2017) ("We have reserved whether mandatory claim-processing rules may be subject to equitable exceptions."); *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 311 (2d Cir. 2015), *as corrected* (Oct. 27, 2015) (holding that the 28-day time limit under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) is a claim-processing rule).

Court's March 14 order staying Hampton's appeal of the February 2 judgment pending the resolution of his later-filed post-trial motions somehow signaled to Hampton that he was excused from the requirement to file a second notice of appeal of the post-trial orders, *see* Oral Argument Audio Recording at 03:38–07:39, *Hampton v. McDonough* (No. 23-305), is similarly unavailing. Although Hampton was *pro se* when this Court entered the stay, shortly thereafter he retained appellate counsel, who should have understood that the stay did not relieve him of the requirement to file another notice of appeal of the post-trial orders.

*     *     *

Accordingly, we **DISMISS** the appeal.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk