24-2454-cr
*United States v. Schwartz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-six.

PRESENT: JOHN M. WALKER, JR.,
BARRINGTON D. PARKER,
JOSEPH F. BIANCO,
*Circuit Judges.*

-----------------------------------------------------------------------

United States of America,

*Appellee*,

v.                                                                No. 24-2454

Derek R. Schwartz,

*Defendant-Appellant.**

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        CARL DAVID MEDDERS (Michael P. Gibson, *on the brief*), Burleson, Pate & Gibson, Dallas, TX.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is respectfully directed to amend the caption as reflected above.

1

APPEARING FOR APPELLEE: STEVEN D. CLYMER (Cyrus Rieck, Michael S. Barnett, *on the brief*), Assistant United States Attorneys, *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Derek R. Schwartz appeals his sentence from a September 9, 2024 judgment of the District Court for the Northern District of New York (Kahn, *J.*). After Schwartz pled guilty without a plea agreement to one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349 and 1343 and four counts of Wire Fraud in violation of 18 U.S.C. § 1343, the district court sentenced Schwartz principally to 72 months' incarceration, followed by three years of supervised release, and ordered restitution in the amount of $12,968,505.22. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

Schwartz appeals his sentence for abuse of discretion due to procedural and substantive unreasonableness because "the district court did not consider the §3553(a) factors specific to Schwartz and address the co-conspirators' disparate sentences." Defendant-Appellant's Br. at 2. Schwartz argues that the district court abused its

2

discretion by, first, failing to consider his arguments for leniency and a below-Guidelines sentence by giving insufficient weight to his lack of a criminal history and his positive characteristics as a father, husband, and former business executive, and second, by sentencing Schwartz to a substantial term of imprisonment when compared to a purported similarly situated co-conspirator who received probation.

## I.    Standard of Review

We review allegations of procedural and substantive unreasonableness in sentencing for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Guldi*, 141 F.4th 435, 450 (2d Cir. 2025). "[A] district court has broad discretion as to what types of procedures are needed at a sentencing proceeding for determination of relevant disputed facts, and its discretion is similarly broad either as to the kind of information it may consider, or the source from which it may come." *Guldi*, 141 F.4th at 450 (internal quotation marks and citation omitted).

"Procedural reasonableness assesses the procedure employed in arriving at the sentence." *United States v. Lawrence*, 139 F.4th 115, 121 (2d Cir. 2025) (internal quotation marks omitted). "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see also Gall*, 552 U.S. at 50. However, "the law does not impose any rigorous requirement of specific articulation on sentencing judges with respect to their consideration of § 3553(a) factors[,]" and "[n]o

robotic incantations are required to prove the fact of consideration." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks and citations omitted).

"Substantive reasonableness assesses whether a sentence, 'although procedurally correct, [is] . . . unsupportable as a matter of law.'" *Lawrence*, 139 F.4th at 121 (alteration in original). "A sentence is substantively unreasonable when it cannot be located within the range of permissible decisions because it is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023) (citation modified). "Sentences will be set aside for substantive unreasonableness only in exceptional cases." *United States v. Bullock*, 152 F.4th 108, 118 (2d Cir. 2025) (citation modified).

**II.   Discussion**

**A.  Consideration and Weighing of Section 3553(a) Factors**

Citing letters in support of his character and his voluntary $1,000,000 restitution payment, Schwartz argues that the district court abused its discretion by neither adequately considering character evidence nor properly weighing the 18 U.S.C. § 3553(a) sentencing factors when determining the length of Schwartz's imprisonment. We disagree.

Section 3553(a) requires that:

The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a)(1), (2)(A)-(D). When considering the Section 3553(a) factors, we have held that a district court must make "an individualized assessment based on the facts presented." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009) (internal quotation marks and citation omitted). When conducting an individualized assessment, "the requirement to consider § 3553(a) factors is not synonymous with any requirement that a particular factor be given determinative or dispositive weight in the identification of the appropriate sentence." *Verkhoglyad*, 516 F.3d at 131 (internal quotation marks and emphasis omitted). Instead, "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *Id.* (internal quotation marks omitted). Under this court's deferential abuse of discretion standard, "[w]e presume that the sentencing judge has considered all relevant section 3553(a) factors and arguments unless the record suggests otherwise." *Guldi*, 141 F.4th at 450 (internal quotation marks and citation omitted).

5

Despite Schwartz's arguments to the contrary, the district court conducted an individualized assessment by considering and weighing Schwartz's background, lack of prior criminal history, and character. During sentencing, the district court orally cited the Section 3553(a) factors and explained their individual relevance to Schwartz. Specifically, the district court noted the "significant amount of loss in this case, the defendant's role in the offense, the victim impact, and the history and characteristics of this defendant, including his lack of prior imprisonment, his non-violent offender [status], community ties, his family ties, and responsibilities." App'x at 64-65. This is a sufficient individual assessment under our jurisprudence.

In its post-sentencing statement of reasons, the district court confirmed that it contemplated the very factors that Schwartz alleged it failed to consider. The district court wrote that it had "considered the history and characteristics of the defendant including lack of prior imprisonment, non-violent offender, community ties, and family ties and responsibilities." Statement of Reasons, *United States v. Schwartz*, No. 21-cr-298-1 (N.D.N.Y. Sept. 4, 2024), Dkt. No. 73, at 3. Thus, there can be no doubt that the district court considered Schwartz's argument that his background and character merited a downward variance. The district court did so while weighing the other Section 3553(a) factors, all of which ultimately resulted in a downward variance to 72 months—six months below the applicable guideline range.

6

Schwartz's claim that the district court improperly weighed mitigating factors such that a greater downward variance is warranted has no merit. A defendant's disapproval of the district court's balancing of the Section 3553(a) factors alone is never enough to suggest procedural unreasonableness under abuse-of-discretion review. *See United States v. Pollok*, 139 F.4th 126, 146 (2d Cir. 2025).

The district court stated the Section 3553(a) factors, applied them to the sentence in an individualized manner, and did not abuse its discretion in weighing them while sentencing Schwartz.

### B. Co-Conspirators' Disparate Sentences

Schwartz contends that the district court abused its discretion by imposing disparate sentences on his co-conspirators, Luke Steiner and Michael Mann. We are unpersuaded.

A sentencing court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). While we certainly permit a district court to consider similarities and differences among co-defendants when imposing a sentence, *see United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007), *abrogated on other grounds by United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008), we do not require it. We have repeatedly explained "that section 3553(a)(6) requires a district court to consider nationwide sentence

disparities, but does not require a district court to consider disparities between co-defendants" in a single case. *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008); *see also United States v. Gahagen*, 44 F.4th 99, 113 (2d Cir. 2022) (same); *United States v. Fernandez*, 443 F.3d 19, 32 n.9 (2d Cir. 2006) (explaining that 18 U.S.C. § 3553(a)(6) "was intended to eliminate disparity on a national level" and preserving this Court's ability to sentence differently co-defendants who are not similarly situated) (internal quotation marks, brackets, and emphasis omitted), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Here, Schwartz contends that his sentence is improper because it is considerably greater than the sentence of co-conspirator, Steiner, who Schwartz argues is similarly situated, and approaches the sentence of Mann, the originator and leader of the scheme who defrauded the financing institutions of $144,000,000. At sentencing, the district court considered Schwartz's objection to a sentencing adjustment for his role in the offense as an "organizer, leader, manager or supervisor in . . . criminal activity" and found Steiner's role to be distinguishable. U.S.S.G. §3Bl.l(c). On appeal, Schwartz has not adequately demonstrated that he is similarly situated to Steiner. As the district court found, Schwartz recruited his former employee, Steiner, to further his scheme. Unlike Schwartz, Steiner expressed discomfort during the conspiracy, causing Schwartz to press Steiner to maintain his role in the fraud, and to recruit additional conspirators to participate. This

8

pressure suggests a hierarchy between the two co-conspirators that conflicts with Schwartz's argument that the two are similarly situated; rather, it implies that Steiner was subordinate to Schwartz. As the district court found during sentencing:

> [Schwartz] introduced Luke Steiner to Michael Mann, conveyed to Steiner Mann's instructions for falsely verifying receivables, recruited and induced Steiner, as well as two other Optum UHG employees, to falsely represent to financing companies that the false invoices and receivable submitted by Mann to the financial companies were valid and payable, and regularly communicated with Steiner to make sure that Steiner was continuing to lie to the victims.

App'x at 64. Even accepting Schwartz's claim that he did not have knowledge of the conspiracy beyond what he oversaw with Optum, this distinguishes Schwartz from Mann, but does not suggest that Schwartz and Steiner are similar. Schwartz may not have been the creator and architect of the broader conspiracy like Mann, but he certainly functioned as an executive by directing others on how to participate in that part of the fraud of which he was aware, unlike Steiner.

Schwartz may object that his sentence is different from Steiner's, but he has not persuaded us that this difference is unwarranted. The disparate sentences between Schwartz, Mann, and Steiner are rooted in the district court's factual findings that they are not similarly situated. Thus, the district court did not procedurally err in imposing Schwartz's sentence.

* * *

9

We have considered Schwartz's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is AFFIRMED.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court