*United States v. Applewhite*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

       *Appellee,*

      v.                                       24-1670

LINDSAY APPLEWHITE,

       *Defendant-Appellant.\**

---

| | |
|---|---|
| For Defendant-Appellant: | Lindsay Applewhite, *pro se*, Waymart, PA. |
| For Appellee: | Sarah Evans and David C. James, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |

---

\* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

Appeal from an order of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** because it is untimely.

Defendant-Appellant, *pro se* and incarcerated, appeals from the district court's order denying his motion for reconsideration of its earlier denial of his request for compassionate release. The district court entered its order denying Defendant-Appellant's motion for reconsideration on April 26, 2024. Defendant-Appellant therefore had 14 days, or until May 10, 2024, to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Arrango*, 291 F.3d 170, 171–72 (2d Cir. 2002). The Clerk's Office received Defendant-Appellant's notice on June 21, 2024. *See* Appellate Dkt. 1. Because Defendant-Appellant is incarcerated, the prison mailbox rule applies and his notice of appeal is deemed filed as of the date of submission to his prison's mail system. *See* Fed. R. App. P. 4(c)(1). However, Defendant-Appellant's notice did not include an affidavit detailing the date on which it was deposited in the prison mailbox. Even assuming that Defendant-Appellant submitted his notice of appeal in the prison mail system on May 16, 2024—the date he wrote on the notice—his appeal was nearly a week late. Because the Government has raised this issue in its opposition brief, we must dismiss Defendant-Appellant's appeal. *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) ("When the government properly objects to the untimeliness of a defendant's criminal appeal, [Federal Rule of Appellate Procedure 4(b)] is mandatory and inflexible.").

For the foregoing reasons, the appeal is **DISMISSED** as untimely.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk